Barbara ROSENBLATT, Plaintiff,

v.

Mayor Adrian FENTY, Defendant.

Civil Action No. 09–1469.

United States District Court,
District of Columbia.

Aug. 26, 2010.

Nathaniel D. Johnson, Waldorf, MD, for Plaintiff.

Lucy E. Pittman, D.C. Office of the Attorney General, Washington, DC, for Defendant.

### MEMORANDUM ORDER

RICHARD W. ROBERTS, District Judge.

The Scheduling Order was entered at a time after the plaintiff had already filed two amended complaints. Since any further amendments to the complaint had to be made by motion under Federal Rule of Civil Procedure 15(a), the Scheduling Order set a deadline of May 27, 2010 for any further motion to amend the complaint. On May 27, 2010 and June 7, 2010, the plaintiff improperly filed a third amended complaint and a corrected third amended complaint, respectively, neither accompanied by any motion for leave to amend. Rather than striking the third amended complaint and corrected third amended complaint, the Court will treat them as motions for leave to amend that were unopposed by the defendant and will grant them.

■ The plaintiff filed a motion to file out of time her opposition to the defendant's motion to dismiss, but she failed to comply with the requirement of Local Civil Rule 7(m) that she include in the motion a statement that she contacted opposing counsel in advance to determine whether there is any opposition to the relief sought. The defendant filed no opposition, and rather than denying plaintiff's motion for failure to comply with Local Civil Rule 7(m), the Court will grant it as conceded.[1]

■ The defendant filed a fourteen-page motion and memorandum to 1) dismiss Mayor Fenty as a defendant from the third amended complaint which fails to name him in his official capacity and to substitute the District of Columbia as the defendant; 2) dismiss plaintiff's claim under 42 U.S.C. § 1981 for failure to state a claim of municipal liability against the District of Columbia; and 3) dismiss Count IV of the third amended complaint for plaintiff's failure to exhaust her administrative remedies under the Comprehensive Merit Personnel Act, D.C.Code § 1–601.01 *et seq.* The plaintiff's one-and-one-half page opposition asserts an intent to sue Mayor Fenty in his official capacity and seeks leave to amend the third amended complaint to allege his official capacity status, but fails to address the arguments advanced by the defendant in support of dismissing the § 1981 claim and Count IV. The Court will grant the plaintiff leave to amend the complaint to allege the official capacity status of the defendant. However, because an argument in a dispositive motion that the opponent fails to address in an opposition may be deemed conceded, *see Bonaccorsy v. District of Columbia,* 685 F.Supp.2d 18, 24 (D.D.C.2010) (citing *CSX Transp. Inc. v. Commercial Union Ins., Co.,* 82 F.3d 478, 482–83 (D.C.Cir.1996); *Felter v. Salazar,* 679 F.Supp.2d 1, 3 n. 2 (D.D.C.2010)), the defendant's motion to dismiss the § 1981 claim and Count IV will be granted as conceded.

■ The plaintiff has filed a consent motion to enlarge discovery by two months because the defendant has not provided records plaintiff sought over six weeks ago (*see* Joint Motion to Enter Protective Order, Docket # 23) and because she filed a

---

**1.** Plaintiff is cautioned to scrupulously abide by the governing rules in the future as the leeway granted in this Order may not be extended again.

motion to compel which challenges the signature on the defendant's interrogatory responses. (*See* Plaintiff's Motion to Compel, Docket # 24.) Resolution of the question concerning the signature does not depend upon the discovery deadline. The consent motion offers no reason why the records that have not been produced in over six weeks will require another two months to produce given due diligence. Because giving the defendant an additional 30 days to produce the requested records is a fair disposition, the consent motion will be granted only in part. Accordingly, it is hereby

ORDERED that the plaintiff's third amended complaint [14] and corrected third amended complaint [18], treated as motions for leave to amend the complaint, be, and hereby are, GRANTED. It is further

ORDERED that the plaintiff's motion [20] for leave to file out of time be, and hereby is, GRANTED. It is further

ORDERED that the defendant's motion [19] to dismiss be, and hereby is, GRANTED IN PART and DENIED IN PART. The request to dismiss Mayor Fenty and substitute the District of Columbia as a defendant is denied, and the plaintiff shall have until September 7, 2010 to file an amended complaint alleging Mayor Fenty's official capacity status. The § 1981 claim and Count IV are dismissed. It is further

ORDERED that the plaintiff's consent motion [28] to enlarge discovery be, and hereby is, GRANTED IN PART. The discovery deadline is extended to September 27, 2010. It is further

ORDERED that the post-discovery status conference be, and hereby is, continued to September 28, 2010 at 9:45 a.m.